# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff below, Petitioner**

**FILED**

**May 18, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0194** (Mercer County 11-F-290)

**James F.,**
**Defendant below, Respondent**


## MEMORANDUM DECISION

The petitioner James F.,[1] by counsel Paul R. Cassell, appeals part of the sentence imposed by the Circuit Court of Mercer County for his conviction of two counts of attempt to commit first degree sexual assault and one count of attempt to commit sexual abuse by a parent, guardian, custodian, or person in a position of trust.[2]  He argues that state statutory law does not permit the circuit court to impose a period of extended supervision for any of his crimes.  The State of West Virginia, by counsel Laura Young and Zachary A. Viglianco, respond in support of the sentence imposed by the circuit court.

After carefully considering the parties' written and oral arguments, as well as the record on appeal and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the circuit court's sentencing order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I.  Factual and Procedural Background

In October of 2011, the petitioner was indicted on four felony criminal counts. Counts one and three charged that he committed first degree sexual assault in violation of West

---

[1]Consistent with our long-standing practice in cases involving children and sensitive matters, we use the petitioner's last initial to protect the privacy of his minor victim.  *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2]The petitioner was originally sentenced by order entered on July 26, 2012.  However, on February 5, 2015, the circuit court resentenced him for purposes of filing an appeal.

1

Virginia Code § 61-8B-3 (2014). Counts two and four charged that he committed sexual abuse by a parent, guardian, custodian, or person in a position of trust (hereinafter "sexual abuse by a parent") in violation of West Virginia Code § 61-8D-5(a) (2014). For each count, the State asserted that the petitioner engaged in sexually-motivated contact with the vaginal area of his then four-year-old daughter.

Pursuant to a plea agreement, on May 21, 2012, the petitioner pled guilty to two counts of attempt to commit first degree sexual assault and one count of attempt to commit sexual abuse by a parent. The written plea agreement stated that the three felony attempt counts to which he was pleading guilty were "lesser-included offense(s) of Counts 1, 2, and 3 of the Indictment." The parties agreed that the petitioner would be sentenced pursuant to the general attempt statute, West Virginia Code § 61-11-8(2) (2014),[3] with a possible prison sentence of one to three years on each count.[4] The State agreed to dismiss the remaining count of the indictment, stand silent at sentencing, and forgo the possibility of a recidivist sentence enhancement. The written plea agreement also provided, "[t]he defendant recognizes that by pleading guilty to these offenses, to the extent required by law, he will be required to register as a sex offender and will have the other restrictions placed on him as he

---

[3]West Virginia Code § 61-11-8 provides as follows:

Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows:
(1) If the offense attempted be punishable with life imprisonment, the person making such attempt shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary not less than three nor more than fifteen years.
(2) If the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.
(3) If the offense attempted be punishable by confinement in jail, such person shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail not more than six months, or fined not exceeding one hundred dollars.

[4]Because the underlying crimes are felonies, the petitioner's convictions for attempt to commit these crimes are also felonies. *See* W.Va. Code § 61-11-8(2) ("If the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony[.]").

has discussed with counsel."

During the May 21, 2012, plea hearing, the circuit court accepted the plea agreement and found the petitioner guilty of the three felonies. The petitioner acknowledged that sentencing would be at the court's sole discretion. The court found that the petitioner's crimes were sexually motivated; therefore, the petitioner was required to register as a sex offender in compliance with West Virginia Code § 15-12-2 (2014). In addition, the court inquired of counsel whether the petitioner was subject to the imposition of extended supervision pursuant to West Virginia Code § 62-12-26 (2014 & Supp. 2015).[5] When applicable, this statute requires a period of supervised release to begin upon the expiration of any period of probation, incarceration, or parole supervision, whichever expires last. W.Va. Code § 62-12-26(c). Defense counsel responded that he did not think the extended supervision statute applied, but he had nonetheless explained to the petitioner the possibility that the court might impose such supervision. The circuit court took the supervision issue under advisement.

At the sentencing hearing on July 25, 2012, the circuit court imposed the statutory term of incarceration under the attempt statute: one to three years in prison on each count. *See* W.Va. Code § 61-11-8(2). These terms were ordered to run concurrently. The court also imposed ten years of extended supervision pursuant to West Virginia Code § 62-12-26. Verbally at the sentencing hearing, and again in the written sentencing order entered on July 26, 2012, the court provided the petitioner with a detailed recitation of the terms of his extended supervision. The petitioner did not object to the supervision requirement when it was imposed.[6]

The petitioner discharged his prison sentence on January 23, 2014, and began his period of extended supervision. However, in August of 2014 and again in January of 2015, his probation officer reported to the circuit court that the petitioner was in violation of the terms of his supervision. A violation could result in revocation of the supervised release and incarceration for the length of the supervision period. *See* W.Va. Code § 62-12-26(g) (providing for revocation of supervised release and incarceration for all or part of term of supervised release).

---

[5]West Virginia Code § 62-12-26 has been amended twice since the petitioner committed his crimes, but provisions relevant to this appeal, which are in subsection (a), have remained unchanged.

[6]The petitioner did file a post-sentencing motion for reduction of sentence seeking home confinement or probation in lieu of incarceration, but this motion did not challenge the imposition of extended supervision. The motion was denied on July 29, 2013.

On January 20, 2015, the petitioner filed a motion for correction of sentence arguing that the imposition of extended supervision was illegal in his case. By order entered January 22, 2015, the circuit court denied the motion for correction of sentence. Although finding no merit to the petitioner's arguments about the legality of his sentence, the circuit court nonetheless restarted the petitioner's appeal period anew by resentencing him on February 5, 2015. This appeal followed.[7]

## II. Discussion

On appeal, the petitioner raises a single issue of state law: whether the extended supervision statute, West Virginia Code § 62-12-26, requires that he be subject to supervised release for his convictions of attempt to commit first degree sexual assault and attempt to commit sexual abuse by a parent. He does not challenge the number of years of extended supervision that were imposed; rather, he argues that there should be no period of supervision.

This matter presents a question of law to which we apply a de novo standard of review. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). After a careful review of the parties' arguments and the pertinent law, and for the reasons set forth below, we conclude that extended supervision is mandated for the petitioner's conviction of attempted sexual abuse by a parent.[8]

The extended supervision statute provides, in pertinent part, that

> [n]otwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one [§ 61-8-12] of this code or a felony violation of the provisions of article eight-b [§§ 61-8B-1 through -18], eight-c [§§ 61-8C-1 through -11] or eight-d [§§ 61-8D-1 through -9] of said

---

[7]The probation officer's August 2014 report of violations did not result in the revocation of the petitioner's extended supervision. The record on appeal does not reflect the outcome of the January 2015 report. The issue of whether the petitioner violated the terms of his supervision is not before us in this appeal.

[8]Because we conclude that the petitioner is subject to extended supervision for his conviction of attempted sexual abuse by a parent, we need not address whether extended supervision would be required for his other counts.

chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]

W.Va. Code § 62-12-26(a). The petitioner argues he is not subject to this statute because he was convicted of "attempt" pursuant to West Virginia Code § 61-11-8, which is not listed as one of the crimes for which supervision is mandated. We disagree.

The petitioner's argument overlooks that the attempt statute does not set forth a stand-alone crime. Rather, the statute establishes the punishment for attempting, unsuccessfully, to commit some crime specified elsewhere in the code: "Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall . . . be punished as follows[.]" W.Va. Code § 61-11-8.[9] An "attempt crime" is inextricably linked to the offense that was attempted. "'The crime of attempt does not exist in the abstract but rather exists only in relation to other offenses[.]'" *State v. Starkey*, 161 W.Va. 517, 522 n.2, 244 S.E.2d 219, 223 n.2 (1978) (quoting W. LaFave & A. Scott, *Handbook on Criminal Law* 49 (1972)), *overruled on other grounds by State v. Guthrie*, 194 W.Va. 657, 667, 461 S.E.2d 163, 173 (1995). Indeed, the so-called "crime of attempt" is defined by the underlying substantive crime:

> "'In order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime.' Syl. Pt. 2, *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978)." Syl. Pt. 1, *State v. Burd*, 187 W.Va. 415, 419 S.E.2d 676 (1991).

Syl. Pt. 4, *State v. Minigh*, 224 W.Va. 112, 680 S.E.2d 127 (2009); *see also State v. Michael Austin S.*, No. 14-0133, 2015 WL 7304499, at * 4 n.3 (W.Va. Nov. 19, 2015) (memorandum decision) (recognizing that "[t]he attempt statute does not itself describe a criminal offense.").

One of the substantive crimes the petitioner attempted to commit is sexual abuse by a parent, West Virginia Code § 61-8D-5(a). Sexual abuse by a parent is, unquestionably, under the purview of the extended supervision statute because it is a "felony violation of the provisions of article . . . eight-d" of chapter 61. *See* W.Va. Code § 62-12-26(a). Moreover,

---

[9]See *supra*, note 3.

in the sexual abuse by a parent statute, the legislature criminalized both the completed act of abuse and the *attempted* act of abuse:

> If any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall *engage in or attempt to engage in* sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony[.]

W.Va. Code § 61-8D-5(a), in part (emphasis added). Thus, the legislature mandated that any sexual misconduct with one's child, including an attempt to commit sexual contact, constitutes abuse for which extended supervision is required.

Because the petitioner's conviction and punishment under West Virginia Code § 61-11-8 required that he commit the exact same conduct as that proscribed by West Virginia Code § 61-8D-5(a), i.e., attempted sexual contact with his child, and because an attempt crime is inextricably linked to the offense that was attempted, we have little trouble in concluding that the petitioner must be subject to extended supervision.[10] Any finding to the contrary would thwart the legislature's clear mandate. Moreover, the record reflects that before pleading guilty, the petitioner was aware the circuit court might impose extended supervision.[11]

---

[10]The question arises as to whether the circuit court erred by sentencing the petitioner pursuant to the general attempt statute for his crime of attempted sexual abuse by a parent. The general attempt statute sets forth the punishment for incomplete crimes "where it [the punishment] is not otherwise provided" in law. W.Va. Code § 61-11-8. However, the penalty for attempted sexual abuse by a parent *is* set forth in other law. West Virginia Code § 61-8D-5(a) specifies a prison sentence of ten to twenty years, or a fine of $500 to $5,000 and imprisonment for ten to twenty years, for engaging in or attempting to engage in sexual abuse by a parent, guardian, custodian or person in a position of trust. This question is not presently before us, but it is obvious that the petitioner benefitted from the plea agreement and the reduced sentence he received.

[11]As set forth in section I, the petitioner's counsel informed the court that he had advised the petitioner of the possibility of extended supervision. In the written plea agreement the petitioner "acknowledge[d] that . . . he will be required to register as a sex offender and will have the other restrictions placed on him as he has discussed with counsel." Although the court carefully explained the requirements of extended supervision, the petitioner waited two and one-half years before challenging its imposition.

6

The petitioner's argument about the applicability of the supervision statute is contrary to the purpose of extended supervision and would lead to an absurd result. The Legislature enacted West Virginia Code § 62-12-26 to protect society from offending behavior:

> [T]he Legislature has determined that in order to adequately protect society, the crimes enumerated in the supervised release statute require community-based supervision and treatment over and above incarceration. Supervised release is a method selected by the Legislature to address the seriousness of these crimes to the public welfare and to provide treatment during the transition of offenders back into society with the apparent goal of modifying the offending behavior.

*State v. James*, 227 W.Va. 407, 416, 710 S.E.2d 98, 107 (2011). The fact that the petitioner had the specific intent to commit a sex crime against his daughter, and took an overt action toward the commission of that crime, evidences the same serious conduct from which the legislature sought to protect the public. The legislature could not possibly have intended to provide supervised release dependent upon a perpetrator's relative degree of success in completing a sex crime. The fact that a perpetrator tries, but fails, to commit sex crimes against his child does not lessen his potential for being a danger to the child, and does not lessen his need for treatment during his transition back into society.

## III. Conclusion

Accordingly, because the petitioner was convicted of the crime of attempted sexual abuse by a parent, we affirm the circuit court's sentencing order requiring, inter alia, ten years of extended supervision.

Affirmed.

**ISSUED:** May 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II